NUMBER
13-10-00565-CV

 

                                 COURT
OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG


____________________________________________________________

 

IN THE INTEREST OF
B.B.A. AND S.A., CHILDREN

 ____________________________________________________________

 

                           On
appeal from the 404th District Court 

                                      of
Cameron County, Texas.

____________________________________________________________

 

                               MEMORANDUM
OPINION

 

 Before Chief
Justice Valdez and Justices Rodriguez and Benavides

Memorandum Opinion
Per Curiam

 








Appellant,
Amanda Baker, filed an appeal from a judgment determining child custody.  The
appellant's brief in the above cause was due on January 10, 2011.  On January
24, 2011, appellant filed a brief that was not in compliance with the Texas
Rules of Appellate Procedure.  The brief failed generally to comply with the
Texas Rules of Appellate Procedure.  See Tex. R. App. P. 9.4., 9.5, 38.1. 

On
February 10, 2011, the Clerk of the Court sent appellant a certified letter
stating that the brief failed to comply with Rule 9.4 (c), (d) and (e), 9.5 (e)
and 38.1 (b), (c), (d) and (k) of the Texas Rules of Appellate Procedure.  The
brief does not contain a table of contents with references to the pages of the
brief as required by Rule 38.1(b); does not contain an index of authorities
arranged alphabetically and indicating the pages of the brief where the
authorities are cited as required by Rule 38.1(c); does not state concisely and
without argument the facts pertinent to the issues or points presented as
required by Rule 38.1(d); does not contain a clear and concise argument for the
contentions made, with appropriate citations to the authorities and to the
record; and does not contain an appendix as required  by Rule 38.1(k). 
Additionally, the brief’s margins, spacing and typeface are not in compliance
and the brief does not contain a certificate of service.  See Tex. R. App. P. 9.4, 9.5 (e).  

Appellant
was directed to file an amended brief in compliance with the Texas Rules of
Appellate Procedure within ten days of the date of the letter, and was notified
that if the Court received another brief that did not comply, the Court may
strike the brief, prohibit appellant from filing another, and proceed as if
appellant had failed to file a brief, under which circumstances the Court may
affirm the judgment or dismiss the appeal.  See id. 38.9(a),
42.3(b),(c).  The letter was sent to appellant's last known forwarding address;
however, it was returned unclaimed.

On
April 4, 2011, the Clerk of the Court resent the letter dated February 10,
2011, to the appellant’s last known forwarding address by regular and certified
mail.  The certified mail was unclaimed; however, the regular mail was not
returned and no response has been filed.








Pro
se litigants are held to the same standards as licensed attorneys, and they
must therefore comply with all applicable rules of procedure.  Mansfield
State Bank v. Cohn, 573 S.W.2d 181, 184-85 (Tex. 1978).  If the appellate
court determines that the briefing rules have been flagrantly violated, it may
require a brief to be amended, supplemented, or redrawn.  Tex. R. App. P. 38.9(a).  If the appellant does not file another brief that complies
with the rules of appellate procedure, the appellate court may strike the
brief, prohibit the party from filing another, and proceed as if the party had
failed to file a brief.  Id.  Pursuant to Texas Rule of Appellate
Procedure 38.8(a), where an appellant has failed to file a brief, the appellate
court may dismiss the appeal for want of prosecution.

Accordingly,
we strike appellant=s non-conforming brief and order the
appeal DISMISSED FOR WANT OF PROSECUTION.  See Tex. R. App. P. 38.8(a), 38.9(a), 42.3(b)(c). 

PER
CURIAM

 

Delivered and filed the

12th day of May, 2011.